IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD HOWARD,<br><br>　Plaintiff,<br><br>v.<br><br>WALMART, INC. and GLENN MASTERSON,<br><br>　Defendants. | )<br>)<br>)<br>)<br>)   Case No. 24-cv-851-RJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**DALY, Magistrate Judge:**

　　This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 10). Defendants responded (Doc. 18) and Plaintiff replied (Doc. 19). As explained further, Plaintiff's Motion is GRANTED.

　　Plaintiff alleges that on or about July 16, 2023, he was shopping at a Walmart store in Wood River, Illinois, when he slipped on a clear liquid on the floor. Doc. 1-2, pp. 1-2. He alleges that Walmart is liable to him for the dangerous condition posed by the liquid on the floor and its failure to warn and/or remedy and/or inspect the store. *Id*., pp. 3-5. He also alleges that Glenn Masterson was a general manager for the store and breached his duty to Plaintiff by failing to properly inspect and repair the dangerous condition, to train Walmart's employees, and/or warn Plaintiff. *Id*., pp. 7-10.

　　Defendants removed the case to this Court on the basis of diversity jurisdiction. Doc. 1, ¶¶4-6. Plaintiff is a citizen of Illinois and Walmart, Inc. is a citizen of Arkansas. *Id*. However,

Defendant Masterson is a citizen of Illinois, and therefore complete diversity does not exist. 28 U.S.C. §1332(a). Walmart contends that the Court nonetheless has jurisdiction because Masterson "is not a proper party and was fraudulently joined." *Id*., ¶7.

Walmart explains that Defendant Masterson was not working at the store on July 16, 2023 and that "Plaintiff cannot allege facts establishing that [he]…as an off-duty store manager, owed a duty of care to Walmart customers" at the time of Plaintiff's fall. In support of this argument, Walmart points to an affidavit by Masterson, which provides the following information:

> By general practice, any Walmart employee who sees a spill is required to take action to clean the spill. I was not aware of any spills occurring at the Wood River Walmart store at the time of this incident, nor could I have created or been aware of any such spills, because I was not on duty and I was not present in the store.
>
> As a store manager, I did not create the policies or practices for cleaning the floor at the Wood River Walmart store. Corporate provides uniform policies and practices for cleaning, which all store employees are required to follow.
>
> As a store manager, I did not create the policies or practices for training new employees. New employees receiving training through materials provided by corporate. To the extent I ever instructed other employees on how or when to clean the floors, I would have reinforced the policies and practices provided to me by corporate.

Doc. 6-1.

As the removing party, Walmart bears "the burden of establishing federal jurisdiction, and this Court must "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." S*chur v. L.A. Weight Loss Centers, Inc*., 577 F.3d 752, 758 (7th Cir. 2009) (internal citations and quotations omitted). Pursuant to the fraudulent joinder doctrine, Walmart's ability to remove this case on the basis of diversity jurisdiction "cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim 'has no chance

of success.'"  *Morris v. Nuzzo.*, 718 F.3d 660, 666 (7th Cir. 2013).

Defendant Masterson's affidavit establishes that he was not at the store that day, but the affidavit does not foreclose the allegation that Masterson negligently trained employees who *were* present at the store that day.   Defendant states in his affidavit that he instructed employees on how or when to clean the floors by reinforcing corporate policies, and Plaintiff contends that he negligently did so.  Doc. 1-2, ¶¶17(h), (i), (k)-(m).  Illinois law is not clear as to whether a supervisor can be liable to a third party for negligently training or instructing employees.  *Salah v. Walmart Stores, Inc.*, Case No. 16-cv-1163-NJR-SCW, 2017 WL 131581, **3-4 (S. D. Ill. Jan. 13, 2017) (collecting cases).   Certainly, Defendant Masterson can be liable to Plaintiff for his own negligent conduct.  *Bovan v. American Family Life Ins. Co.*, 386 Ill.App.3d 933, 942 (1st Dist. 2006) (internal citations and quotations omitted).   Resolving all doubt in favor of Plaintiff's choice of forum, the Court cannot find that Plaintiff's claim against Defendant Masterson has no chance of success.   Plaintiff's Motion to Remand is GRANTED.

Defendants also filed Motions to Dismiss (Docs. 4 and 6) the claims against Masterson (as well as Plaintiff's claims that Walmart is vicariously liable for his conduct) based on their argument that Defendant Masterson cannot be liable for Plaintiff's injuries.  For the reasons described above, the Court finds that fraudulent joinder does not apply to Plaintiff's claims against Defendant Masterson.   As a result, this Court does not have subject matter jurisdiction and any further arguments regarding the dismissal of claims are left for consideration by the state court.  This case is REMANDED to Circuit Court of the Third Judicial Conduct, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:   October 11, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**